**EXHIBIT G**



CONFIDENTIAL AND PROTECTED FROM
DISCOVERY BY ATTORNEY-CLIENT PRIVILEGE
AND/OR WORK PRODUCT IMMUNITY

## MEMORANDUM

TO:     Chris Paxon, Scidera

FROM:   Tina McKeon, Steve Schaetzel

DATE:   October 13, 2011

RE:     Litigation Issue and Cost Estimates

We are working through the issues of addressing Mars' infringement accusation, developing invalidity and non-infringement positions. It is a time consuming process. Even so, especially in view of the recent e-mail from Michael Price of Mars, we want to keep the process moving. We provide the following pursuant to our last call. Are you available to talk next steps tomorrow at 10:30 a.m.?

In preparation for our next call, we are simultaneously considering two legal theories (among others): (1) "prior conception" (Scidera/MMI conceived of the invention before researchers at the Fred Hutchinson Cancer Research Center (FHCRC)); and (2) "derivation" (Scidera/MMI disclosed its conception to FHCRC (or Mars or both) and FHCRC (or Mars) utilized Scidera's/MMI's conception in their subsequent "invention" as now described and claimed in the '863 patent. To help us address these issues, we have the following questions:

1) When did Scidera/MMI first conceive of the inventions described in the first application (60/514,180 – filed October 24, 2003) and the second application (60/617,383 – filed October 8, 2004)? What records do we have that evidence the conception of these inventions?

2) Once that conception occurred, what steps were taken to actually practice these inventions?

3) What steps were taken to prepare and file those patent applications?

4) When did Scidera/MMI first consider meeting with the researchers at FHCRC (or Mars) and what were the reasons for doing so (or not doing so)?

5) When did the meetings with FHCRC (or Mars) begin?

6) Who negotiated/prepared the contract governing those meetings? What records do we have? Do we have copies of the contract and/or drafts of the contract?

7) Who attend the meetings for both Scidera/MMI and FHCRC/Mars? Where did they occur? Were any records made? Were any presentations given? Are there any notes or other records of the meetings, presentations, discussions, etc? What written materials regarding the Scidera/MMI inventions were provided to FHCRC/Mars?

1

EXHIBIT G



**CONFIDENTIAL AND PROTECTED FROM
DISCOVERY BY ATTORNEY-CLIENT PRIVILEGE
AND/OR WORK PRODUCT IMMUNITY**

8) Did FHCRC/Mars provide any written materials to Scidera/MMI? What records exist of any disclosures from FHCRC/Mars to Scidera/MMI?

9) When did the meetings end? What precipitated the end of the meetings? Who finally called a halt to the meetings (FHCRC/Mars or Scidera/MMI or both)?

10) Do we have any other records (personal files, departed employees, etc.) that show what Scidera/MMI disclosed to FHCRC/Mars and when such disclosures occurred?

11) Exactly what was said by Mars (and Angus or FHCRC) in previous "demand" letters or other conversations regarding the '863 patent and CHBT, DNA Pawprint and/or Canine Percentage Test? What records do we have of such comments?

12) What differences/similarities do we perceive between the Scidera/MMI technology and patent applications and the FHCRC/Mars technology and '863 patent?

As we work through those issues, we also provide the following estimate of attorneys fees for a litigation option. Our estimates are based on partner rates ranging from $440 to $550 per hour, associate rates ranging from $250 to $360 per hour, and paralegal rates ranging from $175 to $210 per hour. We also provide a rough time line (by quarter) of when such potential fees might be incurred:

|   | TASK | ESTIMATE | TIMELINE |
|---|------|----------|----------|
| 1. | Conduct comprehensive prior art search; Determine Invalidity/Non-infringement/Prior Conception and other positions; Preparation of Complaint, Summons, Initial Mandatory Disclosures; Conduct Rule 16 scheduling conference; Answer counterclaim for infringement | $28,000 - $40,000 | 4th Q, 2011 |
| 2. | Defend Motion to Transfer, if any | $12,000 - $18,000 | 4th Q, 2011 |
| 3. | Defend Motion for Preliminary Injunction, if any (assumes 1 day evidentiary hearing) | $60,000 - $90,000 | 4th Q, 2011 |
| 4. | Conduct Written Discovery (prepare interrogatories, document requests, requests for admission, review documents produced by Mars, etc.) directed to the new '863 Patent claims and relationship to litigated (invalid) claims; respond to Mars' written discovery | $75,000 - $150,000 | 4th Q, 2011 – 1st Q, 2012 |


McKEON MEUNIER

**CONFIDENTIAL AND PROTECTED FROM DISCOVERY BY ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT IMMUNITY**

| | | | |
|---|---|---|---|
| 5. | Conduct Fact Witness Depositions (assume 10 depositions taken by both sides, total of 20) | $120,000 - $200,000 | 1st Q, 2012 |
| 6. | Preparation of any court mandated Invalidity Contentions | $20,000 - $35,000 | 4TH Q, 2011 – 2nd Q, 2012 |
| 7. | Respond to any court mandated Infringement Contentions | $15,000 - $20,000 | 4th Q, 2011 – 2nd Q, 2012 |
| 8. | Conduct Markman (Claim Construction) Hearing | $150,000 - $180,000 | 2nd Q, 2012 |
| 9. | Locate, Prepare Expert Witness and assist in Report(s) Preparation | $150,000 - $300,000 | 3rd Q, 2012 |
| 10. | Defend Deposition of Expert Witness; Depose Mars Expert Witness | $32,000 - $48,000 | 3rd Q, 2012 – 3rd Q, 2012 |
| 11. | Prepare and Defend Motions For Summary Judgment | $70,000 - $120,000 | 4th Q, 2012 |
| 12. | Prepare Pre-Trial Order | $70,000 - $100,000 | 2013 |
| 13. | Prepare For Trial, Prepare Pretrial Order, Conduct Trial (assume 3-5 day trial) | $400,000 - $600,000 | 2013 |
| 14. | Prepare Post Trial Findings and Conclusions | $100,000 - $150,000 | 2013 |
| | **TOTAL** | $1,182,000 – $2,042,000 | |

Of course, it is difficult to estimate attorneys fees with great accuracy because much is determined by actions of the other party. We will keep you apprised of both fees and costs going forward. These estimates are therefore subject to change based on positions or actions taken by Mars, or other circumstances. We are pleased to discuss these fees tomorrow or at any other time.