IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MEUNIER CARLIN & CURFMAN, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:15-CV-1665-RWS |
| SCIDERA, INC., | : : | |
| Defendant. | : : : : | |

# ORDER

This case comes before the Court on Defendant Scidera, Inc.'s Objections to the Amounts Invoiced by Plaintiff [80], Motion for Leave to Supplement those objections [81], and Motion for Reconsideration of Order Granting Plaintiff Partial Summary Judgment [86]. Also before the Court are Plaintiff's First Motions In Limine [95]. After reviewing the record, the Court enters the following Order.

## Background

The Court fully set out the background of this case in its June 22, 2018 Order. (Dkt. [79].) Briefly, the case involves unpaid costs and fees for the

legal services Plaintiff Meunier Carlin & Curfman, LLC ("Meunier") provided to a former client, Defendant Scidera, Inc. ("Scidera"). The bulk of those fees are associated with Meunier's defense of Scidera in two federal lawsuits that arose from accusations of patent infringement by a competing company.

The relationship between the parties began in early August 2011 when Scidera retained Meunier to handle its patent portfolios and the patent portfolios of its related entities. To memorialize the representation, Meunier sent Scidera a revised copy of an engagement letter. According to the engagement letter, Meunier would bill Scidera for work performed at specified hourly rates. Scidera would also reimburse Meunier for costs associated with the representation. Although the engagement letter was never signed, it is undisputed that Meunier and Scidera established an attorney-client relationship.

On October 13, 2011, after learning of the allegations of patent infringement, Meunier sent Scidera a memorandum laying out a litigation strategy and estimating its cost to be between $1,182,000.00 and $2,042,000.17. Meunier then performed substantial work on the two federal lawsuits. Meunier sent invoices to Scidera for the work performed and

2

expenses paid. Only once did Scidera raise concerns over the cost of the litigation and the efficiency with which Meunier was handling it.

In mid-2012, the litigation ended when the adversary company agreed to purchase the portfolio at issue from Scidera. Scidera hired a different attorney to handle the settlement. But it is undisputed that Meunier worked on the litigation through at least May 2012. It is also undisputed that Meunier continued to handle the patent maintenance for Scidera's IP portfolio until 2015.

Scidera acknowledges that Meunier performed numerous hours of work on Scidera's behalf during the parties' four-year attorney-client relationship. Scidera also acknowledges that it obtained a favorable result in the patent litigation. But although Scidera paid some of Meunier's invoices, Scidera has refused to pay hundreds of thousands of dollars of attorneys' fees billed by Meunier for work it performed. To date, the outstanding fees and costs amount to $876,871.07. Meunier filed this action to recover those fees on breach of contract and open account theories.

In its previous Order, the Court granted summary judgment to Meunier on its breach of contract claim. Specifically, the Court found that the parties

3

entered into a valid and enforceable agreement for Meunier to provide legal services to Scidera in exchange for the payment of Meunier's reasonable attorneys' fees and expenses. And by failing to pay or properly challenge the reasonableness of Meunier's outstanding fees, Scidera breached that agreement. The Court went on, however, to find that a question of material fact remained as to whether Scidera agreed to pay Meunier for attorneys' time traveling because the engagement letter says that Meunier would not bill Scidera for travel time. In its summary judgment briefing, Scidera pointed to two such entries, which amount to $1,316.00, and also alluded to the existence of similar charges. For that reason, the Court afforded Scidera an opportunity to object to any other entries for travel time in the invoices. Scidera submitted its objections on July 6, 2018, (Dkt. [80]), and on the same day, filed a motion to supplement those objections, (Dkt. [81]). Scidera then filed a motion asking the Court to reconsider its ruling on Meunier's breach of contract claim, (Dkt. [86]). In addition to these motions, Meunier filed its first motions in limine, (Dkt. [95]).

## Discussion

**I.     Scidera's Objections to Amounts Invoiced [80]**

In response to the Court's Order [79], Scidera filed objections to the amount Meunier invoiced for travel time. In addition to the two identified at summary judgment, Scidera objects to two entries for attorney travel to and from California, as well as seven block-billed entries that include travel time. In all, these billings amount to $23,996.00. Meunier does not challenge Scidera's objections, acknowledging that summary judgment cannot be entered on the $23,996.00. Accordingly, Scidera's objections are **SUSTAINED**.[1]

## II.    Scidera's Motion to Supplement Objections to Invoices [81]

Scidera moves to supplement its objections to the amounts invoiced by Meunier to challenge a litany of other charges that Scidera contends were not contemplated by the terms of the engagement letter. The Court declines to

---

[1] Scidera also "notes"–and thereby seemingly objects to–the finding that Meunier's outstanding invoices (not excluding travel time) amount to $876,871.07. But this argument ignores the evidence submitted by Meunier at summary judgment establishing the outstanding balance as $876,871.07. Indeed, although Scidera objected to the admissibility of the invoices as hearsay, it otherwise failed to properly challenge the reasonableness of Meunier's fees, (see June 22, 2018 Order, Dkt. [79] at 16–19). So, since the Court overruled Scidera's hearsay objection, (see id. at 9–10), Meunier's position that "Scidera's oustanding principal balance owed to the Firm is at least $876,871.07" was undisputed, (Def.'s Resp. to Pl's SOF, Dkt. [76] ¶ 43), except that an issue of material fact remained as to whether Scidera agreed to pay for Meunier's travel time. Scidera's argument is, therefore, misplaced. Not to mention that the argument–like others presently facing the Court–could have been raised at summary judgment.

allow Scidera to do so.

Scidera's argument is premised on an incorrect interpretation of the Court's prior ruling.  According to Scidera, the Court found that the terms of the parties' relationship were spelled out in the four corners of the engagement letter.  To that end, Scidera argues that it would be a "grave injustice" to allow Scidera to object to one type of charge the engagement letter does not authorize–*i.e.*, travel time–while not allowing objections to all of the others–specifically, (1) work performed outside of the scope of pre-approved budgets; (2) work performed by professionals not identified in the engagement letter; (3) expenses for travel to certain locations; and (4) work performed on behalf of individuals or officers of Scidera.  There are several flaws in Scidera's position.

First, Scidera's interpretation of the Court's previous ruling is incorrect. In relying on the engagement letter to find the existence of an enforceable contract, the Court did not mean to suggest that the engagement letter, itself, is a written manifestation of the parties' agreement.  Rather, the Court found the engagement letter to be one of many pieces of evidence signifying mutual assent between the parties.  And that assent was for Meunier to bill Scidera for

6

the work it performed at hourly rates, which Scidera would pay along with additional expenses.  (June 22, 2018 Order, Dkt. [79] at 13.)  That the engagement letter excludes billing for travel time merely created a question of material fact as to whether Scidera agreed to pay Meunier for such time.

To that end, Scidera could have raised its supplemental objections as challenges to Meunire's motion for summary judgment, just as it did with the entries for travel time.  Scidera, however, did not.  And it is improper at this stage "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response" absent a good reason "for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  The only reason Scidera gives for the delay is that these arguments could not have been made before the Court determined "that the draft engagement letter is legally operative."  (Dkt. [90] at 6.)  Once again, that was not the Court's holding.  But even so, Scidera's argument is belied by the fact that Scidera challenged Meunier's billing for travel time–something unauthorized under the engagement letter–in its response to Meunier's motion for summary judgment.  Accordingly, the Court finds that Scidera's supplemental objections are

7

untimely.  See Eaves v. Work Force Cent. Fla., 623 F. App'x 955, 960 (11th Cir. 2015) (finding district did not abuse its discretion when it declined to strike affidavits that could have been challenged at summary judgment).

## II.    Scidera's Motion for Reconsideration [86]

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

Scidera argues that the Court made two clear errors of law, so it should reconsider its Order granting summary judgment on Meunier's breach of contract claim.

First, Scidera argues the Court erred in considering hearsay evidence Meunier relied on in moving for summary judgment.  In its Order, the Court acknowledged that certain invoices, accounting records, and emails submitted by Meunier were hearsay, but the Court also found that each of them was "reducible to admissible form" and, thus, properly before the Court at summary

8

judgment.  <u>Macuba v. Deboer</u>, 193 F.3d 1316, 1323 (11th Cir. 1999).  Scidera, however, argues that <u>Macuba</u>'s exception to the general prohibition against hearsay applies only to evidence offered in defense of a motion for summary judgment, not in support of one.  Scidera is incorrect.

>  Rule 56 itself says, in relevant part:
> 
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> 
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;
>> 
>> ***
> 
> A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

FED. R. CIV. P. 56(c)(1), (2).  The Rule makes no distinction between the moving and non-moving party.  Rather, the Rule unambiguously permits a party, whether making or opposing summary judgment, to cite to materials in the record, including documents, and if the opposing party believes that material "cannot be presented in a form that would be admissible in evidence," the opposing party must object.  Importantly, though, that objection is not that

9

the material "was not" submitted in an admissible form, but that it "cannot be presented" in such a way. Thus, as Macuba and its progeny iterate: "In analyzing the evidence presented *by the parties*, the general rule is that hearsay cannot be considered on a motion for summary judgment unless such statements can be reduced to admissible evidence at trial." Streeter v. City of Pensacola, Fla., 501 F. App'x 882, 884 (11th Cir. 2012) (emphasis added) (citing Macuba, 193 F.3d at 1323–24); see also Chadwick v. Bank of Am., N.A., 616 F. App'x 944, 948 (11th Cir. 2015) (finding district court did not err in considering affidavit filed in support of motion for summary judgment because the affidavit was not based on inadmissible hearsay and the affiant "was competent to lay the foundation for the business records"); Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 112 (11th Cir. 2010) (upholding district court's refusal to strike declaration offered in support of summary judgment because "affidavits and statements that would constitute hearsay, if reducible to admissible evidence, may be properly considered in support of a motion for summary judgment"). Accordingly, the Court finds that it was not a clear error of law to apply this exception to the documents offered by Meunier

AO 72A
(Rev.8/82)

in support of its motion for summary judgment.[2]

Second, Scidera argues the Court improperly made a factual determination about the existence of a contract between the parties. But in doing so, Scidera essentially rehashes old arguments already made and rejected by this Court. Parties are not to "employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Accordingly, Scidera has not offered a proper reason for the Court to reconsider its prior ruling. Scidera's Motion for Reconsideration is, therefore, **DENIED**.

## IV. Meunier's First Motions in Limine [95]

Meunier moves to exclude several categories of evidence from trial. On

---

[2] Scidera also comments that the Court failed to make an explicit ruling on its objection to the admissibility of the memorandum Meunier sent to Scidera estimating the cost of litigating the infringement lawsuits. That objection, like the others, was based on Scidera's false supposition that hearsay, when offered by the movant, may never be considered by the Court at summary judgment. So that objection, like the others, is overruled because the memo can be reduced to admissible form.

December 19, 2018, the Court held a pre-trial conference. Consistent with those proceedings, the Court rules on Meunier's motions as follows:

<u>Motion in Limine 1</u>: Meunier moves to exclude evidence concerning the quality of Meunier's work for Scidera and accuracy of Meunier's invoices. The Court finds that such evidence may be relevant to Scidera's defense of Meunier's bad faith claim for attorney's fees and litigation costs, and it is not otherwise inadmissible under Fed. R. Evid. 403. Accordingly, Meunier's motion is **DENIED**.

<u>Motion in Limine 2</u>: Meunier moves to exclude evidence challenging the reasonableness of the attorneys' fees incurred in defending the lawsuit brought against Meunier by Document Technologies, Inc ("DTI"). Meunier's position is based on the presumption under Georgia law "that lawyers perform legal services in an ordinarily skillful manner," and that presumption can only be "rebutted by expert legal testimony[.]" <u>Schluter v. Perrie, Buker, Stagg & Jones, P.C.</u>, 498 S.E.2d 543, 545 (Ga. Ct. App. 1998). Since Scidera is not expected to offer any such expert testimony, Meunier reasons that any other evidence disputing the amount of fees from the DTI suit is inadmissible. The Court, however, finds such a sweeping exclusion to be overboard or, at least,

premature.  Evidence of Meunier's litigation costs may be relevant in Scidera's defense of Meunier's indemnification claim, as well as its defense of Meunier's bad faith claim for attorney's fees and litigation costs.  As a result, Meunier's motion is **DENIED**.

Motion in Limine 3:  Finally, Meunier moves to exclude any evidence challenging the Court's jurisdiction in this case.  Scidera responds that it does not intend to relitigate the issue of personal jurisdiction, so long as its defense is preserved for appeal.  Meunier's motion is, therefore, **GRANTED**.

## Conclusion

For the reasons described above, Scidera's Objections to the Amounts Invoiced by Plaintiff [80] are **SUSTAINED**.  Scidera's Motion for Leave to Supplement those objections [81] is **DENIED**, as is Scidera's Motion for Reconsideration [86].  Plaintiff's First Motions In Limine [95] are **Granted, in part and DENIED, in part**: Motions in limine 1 and 2 are **DENIED**; Motion in limine 3 is **GRANTED**.

**SO ORDERED**, this 26th day of December, 2018.

_____
**RICHARD W. STORY**
United States District Judge