UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **MEUNIER CARLIN & CURFMAN LLC, f/k/a, MCKEON MEUNIER CARLIN & CURFMAN LLC** )<br>)<br>)<br>)<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>**SCIDERA, INC.,**    )<br>)<br>    Defendant.    )<br>) | **CIVIL ACTION FILE NO.:**<br>**1:15-cv-01665-RWS** |

## PLAINTIFF'S TRIAL BRIEF ON INTEREST

This case does not involve the value of real estate or lost profits. The amounts Meunier seeks as damages have always been clear—stated in detailed invoices years ago. Scidera requested and received legal services from 2011 to 2015 and did not contest the Firm's charges. Despite Scidera's arguments in this case, the character of the sums at issue remain the same. Meunier's damages are liquidated as a matter of law and the Court must award pre-judgment interest at the statutory rate. And to the extent the Court finds any of Meunier's damages to be unliquidated, the jury should be allowed to award prejudgment interest on those sums.

## **RELEVANT FACTS**

Scidera hired Meunier but never signed the draft engagement letter. That letter provided that the Firm reserved "the right to charge interest" if Scidera did not timely pay an invoice. Meunier acted for years as Scidera's lawyers, including litigating two Federal lawsuits on opposite sides of the Country. The Firm invoiced Scidera but Scidera refused to pay. Scidera did not dispute the Firm's invoices or give any excuse for why it should not have to pay. The Firm sent a demand letter for the outstanding debt on October 1, 2013. Still, Scidera said nothing. Only after Meunier filed this suit did Scidera contest the invoices with contrived arguments.

In opposition to the Firm's motion for summary judgment, Scidera argued that it did not have to pay for any of the services it requested and accepted for years because: (i) it never signed the Firm's engagement letter, (ii) the Firm billed for employee attorneys not expressly named in the unsigned engagement letter, and, (iii) $23,996.00 of the $876,871.07 in Meunier's billings referenced allegedly unauthorized "travel." None of the arguments were bona fide, and the Court granted Meunier summary judgment on its breach of contract claim for the unpaid invoices, less the contested travel charges.

The Court's Order on summary judgment [Doc. No. 79] found that Scidera hired Meunier and agreed to pay it reasonable fees for its work but a question of

fact remains on whether Scidera owes the disputed travel-related charges. The parties agree that $23,996.00 of the $876,871.07 is in controversy.[1] Per the Court's summary judgment Order [Doc. No. 79], Scidera owes the remaining $852,875.07 that it did not object to or pay.

Trial in this matter will address whether Scidera owes the travel-related expenses, the sums the Firm incurred defending and settling a lawsuit by Document Technologies, Inc. ("DTI"), interest, and bad-faith attorney's fees. Meunier is entitled to interest of 7% on all liquidated sums awarded in this case. To the extent any of Meunier's damages are unliquidated, the Firm is entitled to ask the jury to award 7% interest on those amounts.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. The Court Must Award Prejudgment Interest because Meunier's Damages are Liquidated Sums Certain.

A plaintiff in Georgia can recover interest on liquidated damages under O.C.G.A. §§ 7-4-15 and -16. Section 7-4-15 of the Official Code of Georgia states that:

> All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall

---

[1] *See* Defendant Scidera, Inc.'s Objections to Amounts Invoiced by Plaintiff for Travel Time [Doc. No. 80]; Plaintiff's Response to Defendant's Objections to Travel Expenses [Doc. No. 84].

become liable and bound to pay them….[2]

Section 7-4-16 of the Official Code of Georgia also allows an award of prejudgment interest on liquidated sums:[3]

> The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2 percent per month calculated on the amount owed from the date upon which it became due and payable until paid. "Commercial account" means an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services….[4]

It is mandatory for the Court to award prejudgment interest on liquidated damages.[5]

"A debt is liquidated when it is rendered certain what is due and how much is due."[6] "[A] client's obligation to pay for legal services constitutes a commercial account"[7] which is, by definition, a liquidated claim.[8] Unpaid attorney's invoices are liquidated when the defendant does "not dispute that plaintiff performed the

---

[2] O.C.G.A. § 7-4-15.
[3] The Court denied summary judgment on Meunier's claim on Open Account, but that denial does not change the character of the sums at issue in this case.
[4] O.C.G.A. § 7-4-16.
[5] *Holloway v. State Farm Fire & Cas. Co.*, 245 Ga. App. 319, 322 (2000).
[6] *Council v. Hixon*, 11 Ga. App. 818, 827 (1912).
[7] *Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC v. Teledyne Techs., Inc.*, 2014 U.S. Dist. LEXIS 87422, *8, Civil Action No. 1:12-cv-0686-JEC (N.D. Ga. June 27, 2014) (citing *Patton v. Turnage*, 260 Ga. App. 744, 749 (2003); *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516, 517 (1997)).
[8] *Kroger Co. v. U.S. Foodservice of Atlanta, Inc.*, 270 Ga. App. 525, 531 (2004).

services that are set out in the invoices and that the services were billed at the rates listed in the representation letter."[9] That is the case here.

Scidera does not contest that the Firm did the work reflected in the invoices and does not argue that the rates Meunier charged were improper. Instead, Scidera argues that it should not have to pay $23,996.00 in billings that reference "travel." But that amount, the remaining $852,875.07, and Meunier's DTI damages are certain and liquidated. There has been no question about the amounts in controversy, and Meunier's damages are not subject to interpretation.

Neither Meunier's adjustment of the sums claimed over time nor Scidera's arguments against payment render the Firm's damages unliquidated. Damages are unliquidated "where the amount of damage is disputed[,]"[10] but only if there is a "***bona fide*** contention as to the amount owing."[11] Scidera has never offered any legitimate argument as to why it should not pay for Meunier's legal work. And the "fact that [Scidera] disputed liability […] did not convert [Meunier's] claim into a claim for an uncertain and, therefore, unliquidated amount."[12]

The certainty of the debt "need not be contemporaneous with the agreement

---

[9] *Weinberg, Wheeler*, 2014 U.S. Dist. LEXIS 87422, *8-*9.
[10] *Holloway*, 245 Ga. App. at 321.
[11] *Id*. (***emphasis added***).
[12] *Williamson v. Strickland & Smith*, 296 Ga. App. 1, 6 (2009) (quoting *Holloway*, 245 Ga. App. at 322).

out of which it results."[13] As Scidera received the Firm's detailed invoices, it knew what Meunier claimed was due, even if Scidera contested the travel-related expenses years later. "Interest will be allowed on money due where the debtor was able to determine the amount, although the creditor may have claimed a greater sum than was actually due."[14] If Scidera believed it did not owe some of what the Firm charged, it could have raised that objection and parsed out those sums. It did not. And had it objected to some of the Firm's billings, it would not have been excused from payment of the other amounts due. Plaintiff is entitled to interest on the liquidated sums it seeks to collect.

The Court determined the majority of Plaintiff's claim with certainty as a matter of law. There is no question that the non-travel billings are liquidated because those sums are "fixed as to the amount by operation of law."[15] But the remaining sums Meunier seeks are also liquidated. If the jury awards less than the Firm claims, those sums would still be considered liquidated.[16] "[E]ven though the defendant has unsuccessfully contested the amount due . . . [and e]ven though the ultimate amount awarded [may be] less than that requested, or the amount is

---

[13] *Council*, 11 Ga. App. at 827.
[14] *Id*. (quoting *Spalding v. Mason*, 161 U.S. 375 (1896)).
[15] *Council*, 11 Ga. App. at 827.
[16] *See Kroger*, 270 Ga. App. at 531-32 ("The fact that the jury did not award the entire amount of [plaintiff's] claim did not make the damages unliquidated) (citing *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406, 408 (1983)).

offset[,]" the sums Meunier claims are no less liquidated.[17] "The fact that the jury [may] not ultimately award the entire amount of [plaintiff's] original claim d[oes] not make the damages unliquidated[.]"[18] This case does not involve the valuation of real property, calculation of lost profits, or pain and suffering damages—all of which are unliquidated. Meunier seeks to collect specific sums long-ago invoiced. Those sums are finite and Scidera's unfounded arguments do not render the damages unliquidated.

At the end of the trial in this matter, the Court must award Meunier prejudgment interest at the legal rate of 7% on all liquidated sums.[19] Scidera is obligated to pay interest from the time it was bound to pay the fees until the date of judgment.[20] The Court's summary judgment Order [Doc. No. 79] does not preclude Meunier from recovering prejudgment interest in this case. The Firm should recover interest under O.C.G.A. § 7-4-15 because its damages are liquidated.[21]

---

[17] *Elec. Works CMA, Inc. v. Baldwin Tech. Fabrics, LLC*, 306 Ga. App. 705, 707 (2010) (quoting *Hampshire Homes v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 723 (2007)).
[18] *Elec. Works*, 306 Ga. App. at 707.
[19] *See* O.C.G.A. § 7-4-2.
[20] *See Council*, 11 Ga. App. at 827. Technically, this date began 30 days after Meunier served each invoice. But for the sake of simplicity, Plaintiff only claims prejudgment interest on its unpaid invoices from the date of its demand letter—October 1, 2013. Plaintiff claims interest on the DTI-related sums from the date the Firm filed this lawsuit and put Scidera on notice of the claim.
[21] The Firm should also recover under the Open Account statute—O.C.G.A. § 7-4-

## II. The Court Should Allow the Jury to Award Prejudgment Interest on Any Unliquidated Sums.

Section 13-6-13 of the Official Code of Georgia states:

> In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery.[22]

A debt "is not liquidated where its amount could *only* be established *by a jury*.[23] If unliquidated damages are at issue, the jury decides whether to award, and how much to award in, pre-judgment interest on an unliquidated damages claim.[24] Thus, to the extent the Court finds any of Meunier's damages to be unliquidated, it should allow the jury to consider awarding prejudgment interest on those sums at

---

16. Respectfully, Meunier contends that the Court's ruling on the Open Account claim was in error. The Court based its ruling on *Schluter v. Perrie, Buker, Stagg & Jones, P.C.*, 498 S.E.2d 543, 545 (Ga. Ct. App. 1998), because Scidera claims Meunier wrongfully billed for travel. But *Schluter* found that only disputes over whether the work was actually done or whether it was authorized have bearing on an Open Account claim. Meunier's claim for the uncontested charges satisfy the elements of an Open Account claim, even if the amount in controversy was subject to debate. *See Weinberg, Wheeler*, 2014 U.S. Dist. LEXIS 87422, *5-*9; *Kroger*, 270 Ga. App. at 531-32; *Elec. Works*, 306 Ga. App. at 707. And the absence of reference to 18% interest in the Firm's demands may preclude recovery of such interest, but the Firm would still be entitled to interest at the legal rate. *See* O.C.G.A. § 7-4-2.

[22] O.C.G.A. § 13-6-13.
[23] *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 51-52, 305 S.E.2d 864, 868 (1983) (citations and internal marking omitted) (***emphasis added***).
[24] *Sims v. Heath*, 258 Ga. App. 681, 683 (2002) (citing *Tower Fin. Servs. v. Smith*, 204 Ga. App. 910, 918 (1992) ("prejudgment interest may be awarded ***by the jury*** under O.C.G.A. § 13-6-13 in tort or breach of contract actions, either separately or as part of the damages.") (***emphasis added***).

the legal rate of 7%.

## **CONCLUSION**

Meunier is entitled to prejudgment interest at the legal rate on its damages. The Firm's damages are sums certain. Though Scidera disputes specific categories of billings, there has never been any question that the Firm did the work or that it properly calculated its fees based on agreed rates. The sums at issue in this case are liquidated and require the Court's award of prejudgment interest after verdict. To the extent that the Court finds any of the sums to be unliquidated, the Firm should be allowed to ask the jury to award prejudgment interest at the statutory rate.

WHEREFORE, Meunier respectfully requests that the Court award prejudgment interest of 7% on all liquidated sums awarded in this case, that the Court allow the jury to consider awarding damages on any unliquidated sums awarded, and any further relief as may be just and appropriate.

This 3rd day of January 2019.



/s/ Adam S. Rubenfield
David J. Hungeling
Georgia State Bar No. 378417
Adam S. Rubenfield
Georgia State Bar No. 419033
Peachtree 25th, Suite 599

>1718 Peachtree Street
>Atlanta, Georgia 30309
>TEL (404) 574-2466
>FAX (404) 574-2467
>david@hungelinglaw.com
>adam@hungelinglaw.com
>***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 5.1, the undersigned counsel for Plaintiff hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on the 3rd day of January, 2019, the foregoing "**PLAINTIFF'S TRIAL BRIEF ON INTEREST**" was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/: Adam S. Rubenfield
Adam S. Rubenfield
Georgia Bar No. 419033



Peachtree 25th, Suite 599
1718 Peachtree Street
Atlanta, Georgia 30309
404-574-2466
404-574-2467 FAX
adam@hungelinglaw.com